The **PEOPLE of the State of Colorado, Complainant,**

v.

**David Brian WILSON, Attorney–Respondent.**

**No. 98SA16.**

Supreme Court of Colorado, En Banc.

Feb. 23, 1998.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

John S. Tatum, Aurora, for Attorney–Respondent.

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement, and conditional admission of misconduct between the respondent and the complainant. See C.R.C.P. 241.18. The inquiry panel recommended that the respondent be publicly censured and be required to comply with certain conditions and monitoring. We accept the conditional admission and the recommendation.

## I.

The respondent was admitted to practice law in Colorado in 1981. The conditional admission states that a lawyer joined the respondent's law firm, Wilson & Associates, P.C., as an associate in early 1992. The law firm engaged almost exclusively in representing clients injured in automobile accidents. In December 1994, the respondent required the associate and his other associates to sign a "Covenant Not to Steal." The Covenant provided that any associate who leaves the law firm agrees not to solicit any of the firm's clients. As relevant to these proceedings, the Covenant further stated:

4. In the event that any client of the firm chooses to fire or terminate services of the firm and retain the departing associate or associate's firm to handle their case after the date of departure, associate agrees to compensate the firm in the amount of 75% of the total fee generated from ultimate settlement or disposition of the client's case, together with the firms [sic] hourly rate as stated in its fee agreement with said client for any hours put in by the firm while the firm was still retained by the client.

5. In the event that associate solicits clients of the firm before or after his or her departure from the firm, and the solicitation prohibited above results in client discharging the firm and hiring associate or associate's firm to handle their case, then associate agrees that any and all fees generated from the client's case from settlement, verdict, or other disposition of the case shall be fees of the firm and associate or associate's firm shall not be entitled to any fees as a result of the legal representation as a penalty for the solicitation prohibited above.

The associate left the respondent's law firm in February 1996. Two clients chose to discharge the respondent's firm and retain the associate for their personal injury cases. In their fee agreements with the respondent's law firm, the clients promised to pay Wilson & Associates one-third of any recovery plus costs. Both agreements also stated that if either of them discharged the firm for whatever reason, each of them agreed to pay the respondent out of the proceeds at settlement for all time expended on the client's behalf.

On March 8, 1996, the respondent wrote to the associate and claimed he was entitled to a lien of $175 per hour for hours of work completed, plus 75% of the fees obtained pursuant to the one-third contingency fee agreements with the two clients. The respondent also sent a letter to an insurance company in March 1996 claiming a lien. No total amount was claimed in either letter.

In the conditional admission, the respondent stipulates that the requirement that his associates sign the Covenant was improper because the Covenant hinders a client's right to choose his or her own lawyer, as well as placing a financial hardship upon the departing associate who might not be able to represent the client if the associate's recovery would be limited to 25% (paragraph 4), or none (paragraph 5), of the total fee.

The respondent admits that his attempts to enforce the Covenant violated Colo. RPC 1.5(d), which states, "A division of a fee between lawyers who are not in the same firm may be made only if: (1) the division is in proportion to the services performed and responsibility assumed by each

lawyer...." The division of fees required by the Covenant bore no such relation to the services performed. He also violated Colo. RPC 1.5(a), which prohibits the charging or collection of an unreasonable fee by attempting to collect 75% or 100% of the total fee generated by a case in which his firm did less than all the work. Finally, the respondent violated Colo. RPC 8.4(g) (engaging in conduct which violates accepted standards of legal ethics) by interfering with the client's right to discharge his or her lawyer at any time, with or without cause.

## II.

The inquiry panel approved the conditional admission and recommended a public censure. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating or aggravating factors, "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." *Id.* at 7.3. Charging an unreasonable or excessive fee is a violation of a duty owed as a professional. *See People v. Sather,* 936 P.2d 576, 579 (Colo. 1997). On the other hand, public censure is warranted "when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." *Id.* at 7.3.

 The respondent received an admonition for similar conduct in 1987, which is an aggravating factor for disciplinary purposes. *See id.* at 9.22(a). The conditional admission recognizes that a period of suspension may be more appropriate given the pattern of the respondent's improper conduct toward clients who discharge him. However, the complainant asserts that a public censure is adequate when coupled with the special conditions and the monitoring to which the respondent has agreed, as set out in the Appendix to this opinion. We agree and therefore accept the conditional admission and the inquiry panel's recommendation. Some members of the court would impose more severe discipline.

## III.

Accordingly, David Brian Wilson is hereby publicly censured. It is ordered that Wilson comply with the special conditions and the monitoring set out in the Appendix to the opinion. It is further ordered that the respondent pay the costs of this proceeding in the amount of $47.75 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

## *Appendix*

The respondent, David Bryan Wilson, is hereby ordered to comply with the following conditions:

1. A mentor with experience in ethics issues will conduct quarterly reviews of the respondent's professional matters to include samples of fee agreements, settlement statements, and other pertinent records for three years from the date of this opinion. The mentor will be available to consult with the respondent on an informal basis with respect to any ethical issues which may arise in the respondent's practice.

2. The respondent will not hire any associates unless and until any employment agreements, bonus plan agreements, and other necessary documents are first approved by the mentor. The mentor will meet in person with any proposed associates to insure full disclosure of past disputes with associates and other relevant matters. The Office of Disciplinary Counsel will receive copies of all relevant documents together with a report from the mentor detailing why the proposed association is appropriate. The respondent will informally review with the mentor any temporary associations such as any co-counsel relationships on a given case.

3. The respondent will perform twenty-four hours of pro bono work during this three-year period.

4. The respondent agrees not to attempt to enforce any of the Covenant Not to Steal agreements. However, the respondent may pursue any rights he may have to compensa-

tion under quantum meruit as permitted by the Rules of Professional Conduct.

5. Monitoring shall not be required should the respondent transfer to inactive status during the three-year period. In the event he does, he must notify the Office of Disciplinary Counsel and the monitor that he is on inactive status, and inform the same persons when he is transferred to active status, such that monitoring may resume.